IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN HOFFERICA          :          CIVIL ACTION
                            :
        v.                  :
                            :
ST. MARY MEDICAL CENTER     :          NO. 10-6026

MEMORANDUM

Dalzell, J.                              November 18, 2011

In a September 20, 2011 Memorandum, we considered the motion to dismiss of defendant St. Mary Medical Center ("St. Mary") as to certain of the claims of plaintiff Kathleen Hofferica ("Hofferica").  Hofferica had alleged violations under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, et seq.,; the Pennsylvania Human Relations Act (the "PHRA"), 43 Pa. Stat. Ann. § 951, et seq.; and the Family and Medical Leave Act (the "FMLA" or the "Act"), 29 U.S.C. § 2601, et seq.  St. Mary moved to dismiss Hofferica's claims for interference and retaliation under the FMLA under Counts II[1] and III of the amended complaint.

---

[1] We did not make explicit in our September 20, 2011 Memorandum that Hofferica actually asserted three kinds of interference under the FMLA in Count II of her amended complaint: failure to provide individualized notice, failure to respond to her reasonable inquiries, and failure to reinstate her to her prior position or a comparable position.  Pl.'s Am. Compl. ¶ 29.  Since St. Mary did not challenge the second of these interference claims in its motion to dismiss, Count II of the amended complaint survives St. Mary's motion notwithstanding our analysis in this and the previous Memorandum.

Concluding that Hofferica had failed to state a claim for interference under the FMLA based on St. Mary's failure to reinstate her to her position, we granted St. Mary's motion as to Count II of the amended complaint in part.  See Hofferica v. St. Mary Medical Center, ___ F.Supp.2d ___, 2011 WL 4374555 (E.D. Pa. 2011).  But we also determined that Hofferica had successfully stated a claim for retaliation under the FMLA, and hence denied St. Mary's motion as to Count III.

We were thus left with the remaining component of Count II of Hofferica's amended complaint that St. Mary had challenged, i.e., her claim for interference under the FMLA due to St. Mary's failure to provide notice.  We found ourselves in a strange position regarding this claim -- Hofferica had first raised the question of this claim's sufficiency in her response to St. Mary's motion to dismiss, prompting St. Mary to make its first arguments as to this claim's insufficiency in its reply.  Because Hofferica had not had the chance to respond to St. Mary's arguments, we gave her time to brief us on the sufficiency of her notice interference claim, though we suggested that, based on our review of the parties' arguments and the law, Hofferica had likely failed to state such a claim under the FMLA.

Hofferica has now briefed us on her notice interference claim, and we have considered her arguments.  Since we already reviewed the facts of Hofferica's complaint in our prior Memorandum, see Hofferica, 2011 WL 4374555, at *2-*4, we will not revisit those facts here, though it bears repeating that Hofferica alleges as to notice under Count II, Pl.'s Am. Compl. ¶ 29, that

> The actions of the Defendant, in (1) failing to sufficiently notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave, [and] (2) failing to sufficiently inform the Plaintiff that she would lose her position if she did not return to work before February of 2009 . . . interfered with Plaintiff's rights under the FMLA.

In support of these claims, Hofferica presents only this allegation in her amended complaint: "[v]ia letter dated April 22, 2008, Defendant specifically informed Plaintiff that her leave request was 'approved from February 5, 2008 through February 4, 2009.'"  Id. ¶ 14.

With these claims in mind, we will proceed to a recitation of the standard applicable to motions to dismiss and then to an evaluation of Hofferica's arguments.  Since our consideration of these arguments demonstrates that Hofferica has

3

indeed <u>not</u> stated a claim for notice interference under the FMLA, we will dismiss Count II of the amended complaint to the extent it asserts such a claim, though we will permit Hofferica to move to further amend this complaint if she can do so conformably with Fed. R. Civ. P. 11.

## I.  <u>Analysis</u>

As has been well-rehearsed, the test in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "'is whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  <u>Kundratic v. Thomas</u>, 407 Fed. Appx. 625, 627 (quoting <u>Holder v. City of Allentown</u>, 220 F.2d 188, 194 (3d Cir. 1993)) (brackets in original).  A plaintiff may not pass this test merely by offering "labels and conclusions" in the complaint, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), and it is similarly true that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>Twombly</u>, 550 U.S. at 555 -- that is, there must be "more than a sheer possibility

that a defendant has acted unlawfully." <u>Iqbal</u>, 129 S. Ct. at
1949.  Essentially, a plaintiff must provide "enough fact[s] to
raise a reasonable expectation that discovery will reveal
evidence of" the necessary element.  <u>Twombly</u>, 550 U.S. at 556.

        In our September 20, 2011 Memorandum, we suggested that
Hofferica's notice interference claim under the FMLA was likely
insufficient for four reasons: (1) she had failed concretely to
allege any deficiencies in the notice St. Mary provided to her,
<u>Hofferica</u>, 2011 WL 4374555, at *9; (2) the prior FMLA regulations
did not require St. Mary to give Hofferica the types of notice to
which she contended she was entitled, <u>id.</u>; (3) she had not pled
that St. Mary failed to provide her with prior notice during the
relevant period established by the regulations, <u>id.</u> at *10; and
(4) she had not pled that she was prejudiced by any failure on
St. Mary's part to provide her with notice.  <u>Id.</u> at *11.  In
Hofferica's supplemental brief she presents an array of arguments
responsive to each of these points.  We will consider them in
turn.


        **A.**     **<u>The Concreteness of Hofferica's Factual Allegations</u>**

        With respect to her allegations, we explained in our
prior Memorandum that "Hofferica has not alleged facts in her

5

complaint to support some of the deficiencies with St. Mary's
notice that she asserts, and supports other asserted deficiencies
only with conclusory allegations." Id. at *9. While noting "the
difficulty a plaintiff may have in alleging concrete facts that
suggest a defendant did not do something," we observed that
Hofferica "proffers almost no detail as to those communications
[received from St. Mary]," so that we could have "little
confidence that 'discovery will reveal evidence of the necessary
element.'" Id. (quoting Phillips v. County of Allegheny, 515
F.3d 224, 234 (3d Cir. 2008)). In response, Hofferica now
proffers two arguments: (1) "Plaintiff needs further discovery of
her personnel file and other discovery in relation to these
claims, especially the claim that the Defendant failed to provide
her appropriate notice of the consequences of not returning to
work before exhausting her FMLA leave,"[2] Pl.'s Supplemental Br.

---

[2] Hofferica notes that she "does not allege in the
Complaint that she exhausted her FMLA [leave] or that Defendant's
calculations are accurate and she does not presently concede that
she actually exhausted her FMLA. On the contrary, Plaintiff
seeks discovery on this issue." Pl.'s Br. at 2 n.1. In order to
state a claim for notice interference under the FMLA, a plaintiff
must "establish that this failure to advise [of his rights under
the FMLA] rendered him unable to exercise that right in a
meaningful way, thereby causing injury." Conoshenti v. Pub.
Serv. Elec. & Gas Co., 364 F.3d 135, 143 (3d Cir. 2004).
Ordinarily, a plaintiff claiming notice interference under the
(continued...)

6

("Pl.'s Br.") at 2; and (2) any failure on Hofferica's part to allege concretely a lack of notice "can be directly attributed to the Defendant's persistent failure to contact Plaintiff Hofferica." Id. at 3.

We find neither of these arguments persuasive. Hofferica's first argument appears to misapprehend the relationship between motions to dismiss and discovery.  As our

---

[2] (...continued)
FMLA alleges that due to her employer's failure to advise her of her rights, her FMLA leave expired or she failed to comply with her obligations under the FMLA, and she was consequently denied reinstatement to her position -- but that she would have complied with her obligations and returned to her position prior to the leave's expiration had she been properly advised of such rights. If Hofferica is unwilling to concede that she exhausted her FMLA leave, it is unclear how any alleged failure to notify on St. Mary's part could interfere with her exercise of her rights. Instead, it would appear that Hofferica should assert the claim that St. Mary failed to reinstate her to her position in contravention of the FMLA, even though she attempted to return prior to the expiration of her leave and otherwise complied with her obligations under the FMLA.  In our September 20, 2011 Memorandum we explained that Hofferica failed to state a claim for reinstatement interference because she did "not allege in her complaint that she had [FMLA] leave remaining." Hofferica, 2011 WL 4374555, at *7.  Hofferica could allege in support of her notice interference claim that her FMLA leave expired, or that her leave did not expire in support of her reinstatement interference claim.  Hofferica could even allege both facts in support of both claims, see Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) ("A party may certainly allege inconsistent facts in its pleadings"), but she may not simply avoid making any allegation at all as to the expiration of her FMLA leave.

Court of Appeals explained in <u>Clark v. Vernon</u>, 228 Fed. Appx.
128, 132-33 (3d Cir. 2007) (quoting <u>Neitzke v. Williams</u>, 490 U.S.
319, 326-27 (1989)) (brackets and internal quotations omitted),
"[w]hen reviewing a motion to dismiss under Rule 12(b)(6), the
District Court considers whether the plaintiff is entitled to
offer evidence to support the allegations in the complaint.
Indeed, the purpose of Rule 12(b)(6) is to 'streamline litigation
by dispensing with needless discovery and factfinding.'"  As a
consequence, <u>Clark</u> "conclud[ed] that the District Court did not
abuse its discretion in granting the remaining defendants'
motions to dismiss prior to discovery."  <u>Id.</u> at 132.  Hofferica
cannot justify her failure to state a claim of notice
interference under the FMLA by asserting the need to first engage
in discovery.

        Hofferica's second argument seems to us to be a <u>non</u>
<u>sequitur</u>.  We do not understand how St. Mary's failure to contact
Hofferica could prevent her from now alleging concrete facts in
support of her claim of inadequate notice.  In the end, Hofferica
has presented no facts in her complaint that "raise a right to
relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.
Instead, she merely identifies a single communication from St.
Mary (without making any allegation as to whether this

communication contained the requisite notice) and offers the
legal conclusions that St. Mary "(1) fail[ed] to sufficiently
notify Plaintiff of her right to return to her position and/or a
substantially similar position upon return from FMLA leave, [and]
(2) fail[ed] to sufficiently inform the Plaintiff that she would
lose her position if she did not return to work before February
of 2009."   Pl.'s Am. Compl. ¶ 29.   We must ignore the latter
statements as the type of "conclusory statements" that Iqbal
warns against.  129 S. Ct. at 1940.  As for Hofferica's
allegation that St. Mary "informed Plaintiff that her leave
request was 'approved from February 5, 2008 through February 4,
2009,'" Pl.'s Am. Compl. ¶ 14, this assertion engenders no
"reasonable expectation that discovery will reveal evidence" that
St. Mary failed to provide Hofferica with adequate individualized
notice.  Twombly, 550 U.S. at 556.  As a result, Hofferica has
failed to state a claim of notice interference under the FMLA.

        The Supreme Court warned in Twombly that unless claims
"shy of a plausible entitlement to relief" are weeded out prior
to discovery, "the threat of discovery expense will push cost-
conscious defendants to settle even anemic cases before reaching
those proceedings."  Id. at 559.  With this danger in mind, we
cannot permit a plaintiff to proceed to discovery when she

attempts to allege the insufficient notice element of an FMLA

notice interference claim merely by quoting the relevant language

from the applicable regulations or presenting similarly

generalized allegations of wrongdoing.  Obliging a plaintiff to

provide some concrete allegations in support of an insufficient

notice claim does not, however, impose any heightened pleading

requirement upon FMLA plaintiffs.  In Hofferica's supplemental

brief, Pl.'s Br. at 3 (emphasis in original), she explains that

> The only communication that Plaintiff
> Hofferica admittedly received is a letter
> from Melissa Diaz, Benefits Coordinator dated
> April 22, 2008.  This letter, however, fails
> to provide sufficient individualized notice
> under the FMLA because it does not supply:
> (1) an accurate description of the extent of
> Plaintiff Hofferica's leave, (2) the
> consequences of not returning to work before
> exhausting her benefits, and (3) the
> preconditions for returning to work.

While the defects in notice that Hofferica identifies here do not

actually transgress FMLA's requirements -- as we will explain in

the following section -- this is precisely the type of factual

allegation that an FMLA plaintiff might present to state a viable

claim for notice interference.

Alternatively, a plaintiff could allege that her

employer furnished her with no communications whatsoever

regarding FMLA leave or that she received her only communications

10

on this topic more than six months before she gave notice of her
need for FMLA leave -- a point to which we will return in Section
I.C below.  This list, moreover, does not exhaust the ways in
which a plaintiff can state a notice interference claim.  All
that is important is that a plaintiff present "concrete
allegations," Twombly, 550 U.S. at 562, that "render [her]
entitlement to relief plausible."  Id. at 569 n.14.  Because
Hofferica failed to do so, however, we must dismiss Count II of
her amended complaint to the extent it asserts a claim for notice
interference under the FMLA.

      **B.**    **The FMLA's Notice Requirements**

      Even if Hofferica had presented concrete allegations in
support of her notice interference claims, most of her claims
would nonetheless fail because St. Mary had no obligation under
the FMLA regulations to furnish Hofferica with some of the types
of notice to which she believes she was entitled.

      We noted in our previous Memorandum that "we ha[d]
discovered no provision in the prior regulations requiring that
an employer notify an employee of the duration of his or her
unused FMLA leave, explain the conditions under which the
employee may return to his or her position, or warn the employee

11

that upon expiration of his or her FMLA leave the employee loses the entitlement to be reinstated." Hofferica, 2011 WL 4374555, at *9.  In Hofferica's supplemental brief, she responds that "[t]he regulations prior to amendments and the Third Circuit case law require the type of notice which was not provided, especially regarding the consequences of not returning before the exhaustion of FMLA," Pl.'s Br. at 5, and cites Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135 (3d Cir. 2004), and 29 C.F.R. 825(b)(1)(vii) (2008) in support.

We begin by recalling that in Hofferica's amended complaint she identified only two ways in which St. Mary allegedly failed to provide her with adequate notice: "(1) failing to sufficiently notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave, [and] (2) failing to sufficiently inform the Plaintiff that she would lose her position if she did not return to work before February of 2009."  Pl.'s Am. Compl. ¶ 29. In her response to St. Mary's motion to dismiss, Hofferica added three more forms of allegedly insufficient notice, averring that "[i]n its letter sent to the Plaintiff dated April 22, 2008, the Defendant failed to provide vital information, including but not limited to: an accurate description of the extent of her leave .

12

. . the preconditions for returning to work, and whether she was required to furnish medical documentation prior to returning to work."  Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 11.  Although Hofferica's failure to include these allegations in her amended complaint meant that she had failed to state those claims, in the interest of thoroughness we considered those claims' potential validity in our September 20, 2011 Memorandum.

Hofferica now reiterates that St. Mary's April 22, 2008 letter did "not supply: (1) an accurate description of the extent of Plaintiff Hofferica's leave, (2) the consequences of not returning to work before exhausting her benefits, and (3) the preconditions for returning to work."  Pl.'s Br. at 3 (emphasis in original).  Hofferica has thus apparently abandoned her claim that St. Mary owed her an explanation of whether she was required to furnish medical documentation before returning to work.  Of the four remaining types of allegedly inadequate notice that Hofferica identifies, one -- St. Mary's obligation to "notify Plaintiff of her right to return to her position and/or a substantially similar position upon return from FMLA leave," Pl.'s Am. Compl. ¶ 29 -- was codified in the FMLA regulations applicable at the time Hofferica took her leave.  See 29 C.F.R. § 825.301(b)(1)(v) (2008).  Had Hofferica alleged concrete facts in

13

support of the claim that St. Mary failed to provide her with this notice as the regulations require, and alleged that she suffered prejudice from this failure, <u>see</u> Section I.D, <u>infra</u>, she would have succeeded in stating a claim under the FMLA on this basis.

But St. Mary was under no obligation to provide Hofferica with the three remaining types of notice -- namely, (1) the extent of her leave, (2) any preconditions for returning to work, and (3) the possibility that she might lose her position if she did not return to work before her FMLA leave expired -- that she identifies.  As we noted in our previous Memorandum, § 825.301(b)(1) (2008) enumerated the types of notice than an FMLA-covered employer must provide to an employee taking leave.  This list did not at the time oblige employers to notify employees of the extent of their leave[3] or any preconditions for returning to work.[4]  Though Hofferica flatly asserts that "regulations prior

---

[3] As we explained in our previous Memorandum, this appears to have changed under the new regulations that became effective on January 15, 2009.  <u>See</u> 29 C.F.R. § 825.300(d)(6) (2011) (An "employer must notify the employee of the amount of leave counted against the employee's FMLA leave entitlement.").

[4] The prior regulations did require an employer to notify an employee of "any requirements for the employee to furnish medical certification of a serious health condition,"
(continued...)

to amendments and the Third Circuit case law require the type of notice which was not provided," Pl.'s Br. at 5, she presents no reasoning or citations in support of this claim as to such types of notice.

Hofferica focuses her rhetorical firepower on the assertion that St. Mary was obliged to notify her "regarding the consequences of not returning before the exhaustion of FMLA." Id. at 5. In support of this assertion, she points to language from Conoshenti quoting the applicable FMLA regulations: "[a]s Conoshenti makes clear, an employer must inform an employee about their 'right to restoration [to] the same [or an] equivalent job upon return from leave' and inform them of the 'specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations.'" Id. at 6 (in turn quoting 364 F.3d at 142 (quoting § 825.301(b)(1), (b)(1)(vii) (2008))) (emphasis in original).

Neither Conoshenti nor the previously-applicable regulations suggests that an employer must inform an employee

---

[4] (...continued)
"any requirement for the employee to make any premium payments to maintain health benefits," and "any requirement for the employee to present a fitness-for-duty certificate to be restored to employment." 29 C.F.R, § 825.301(b)(1)(ii), (iv), & (v) (2008). Hofferica does not allege these obligations applied to her.

15

"that she would be terminated if she did not return to work"
prior to the expiration of her FMLA leave.  Id.  An employer's
obligation to inform an employee that she may be restored to the
same or an equivalent position if she returns to work before the
expiration of her leave does not create a complementary
obligation to inform an employee that she may lose her position
if she fails to do so.  As for the "specific expectations and
obligations of the employee" described in § 825.301(b)(1), these
unambiguously refer to the requirements enumerated in the
succeeding provisions and as described in footnote 3, above.  An
employee's obligation -- if she seeks to retain her position  --
to return to work upon the expiration of her FMLA leave is not
some exotic requirement that the FMLA, or an employer's FMLA
policies, impose upon an employee and of which the employee hence
must be specifically apprised.  Rather, it is an ordinary feature
of the working world that employees who wish to remain employed
should report to work unless their employers have excused their
attendance (as the FMLA, under certain circumstances, requires
that they do).  Hofferica had no right under the FMLA to be
informed of this obvious fact of work life.  Because four of the
five types of alleged inadequate notice that Hofferica identified
in her amended complaint and response were not actually FMLA-

16

required, we will dismiss Count II to the extent it predicates a claim of notice interference upon St. Mary's failure to give Hofferica these types of notice.

### C.  **Prior Notice Under the FMLA**

In our prior Memorandum we observed -- regarding the time during which the FMLA required St. Mary to provide Hofferica with fresh notice -- that "Hofferica has not alleged facts that suggest St. Mary was obligated to provide Hofferica with any notice <u>at the time in question</u>." <u>Hofferica</u>, 2011 WL 4374555, at *10 (emphasis in original).  In response, Hofferica suggests that "at this early stage in the proceedings, Plaintiff Hofferica can not be expected to know which method of calculation for the six month period the Defendant employs."  Pl.'s Br. at 7.

Our earlier observation was prompted by 29 C.F.R. § 825.301(c) (2008), which obliged employers to provide employees with notice of expectations and obligations "no less often than the first time in each six-month period that an employee gives notice of the need for FMLA leave (if FMLA leave is taken during the six-month period)."  We suggested that to state a notice interference claim a plaintiff must allege that her employer "either chose one of the methods described in § 825.200(b) for

17

calculating twelve-month periods -- and hence a method for calculating six-month periods -- or failed to make such a choice, so that § 825.200(e) determined the method used." <u>Hofferica</u>, 2011 WL 4374555, at *10.

Upon further reflection we recognize that, strictly speaking, a plaintiff need not plead her employer's choice of calculation methods in order to state a notice interference claim.  If the plaintiff can simply allege that the employer provided her with no notice of expectations and obligations during the six months prior to her giving notice of the need for FMLA leave, and also failed to give notice within a reasonable time after the plaintiff's notice, the plaintiff can allege that the employer failed to satisfy § 825.301(c) (2008).  But if a plaintiff cannot make such an allegation -- <u>i.e.</u>, if her employer <u>did</u> provide her with notice of expectations and obligations within six months of the employee's notice of need to take leave -- then a plaintiff must plead the employer's choice of calculation methods under § 825.200(b) to state a claim for notice interference.  If a plaintiff cannot so plead, a court cannot conclude that she has plausibly stated a claim for relief. Here, Hofferica neither alleged that St. Mary failed to provide her with the requisite notice within the six months preceding her

18

own notice of need to take leave, nor alleged that St. Mary had chosen one of the calculation methods and then failed to provide notice on a prior occasion during the applicable six-month period.  As a consequence, she has not stated a claim for notice interference.

### D.    **Pleading Prejudice Under the FMLA**

Finally, we explained in our earlier Memorandum that "even if we were to accept that St. Mary failed to provide the individualized notice the FMLA required, Hofferica has not alleged that she was prejudiced by this failure."  Id., at *11. Hofferica responds to this point in her supplemental brief with four counter-arguments: (1) "prejudice is more appropriately considered a burden of proof," Pl.'s Br. at 8, and "whether or not Plaintiff Hofferica was prejudiced by the Defendant's failure to notify is a factual issue that is more appropriately explored through discovery," id.; (2) "the focus of the insufficient notification claim should rest upon the insufficiency in the notification itself," id. at 8-9; (3) "[a]ny failure to specifically plead prejudice is harmless (and/or academic) as the Complaint specifically pleads damages as [a] result of the notice deficiencies and therefore essentially pleaded prejudice," id. at

2; and (4) "it is reasonable to infer that Plaintiff Hofferica

relied upon the leave time defined in the [April 22, 2008]

letter," id. at 4, and "the inference of the allegations is that,

had Defendant provided proper notice or interacted with

[Hofferica] in the days before she exhausted FMLA benefits,

Plaintiff would have sought medical clearance to return to work

before she was terminated." Id. at 2.

    We begin with Hofferica's first counter-argument, which

appears to rest on the distinction between pleading the elements

of a claim and carrying the burden of proof as to those elements.

In our earlier Memorandum, we explained at Hofferica, 2011 WL

4374555, at *11 that

> It is well-settled in this Circuit that a
> plaintiff may only "show an interference with
> his right to leave under the FMLA, within the
> meaning of 29 U.S.C. § 2615(a)(1), if he is
> able to establish that this failure to advise
> [of his rights under the FMLA] rendered him
> unable to exercise that right in a meaningful
> way, thereby causing injury." Conoshenti,
> 364 F.3d at 143; see also Fogleman v. Greater
> Hazleton Health Alliance, 122 Fed. Appx. 581,
> 587 (3d Cir. 2004) ("Conoshenti held that an
> employer's failure to advise could constitute
> a violation of one's FMLA rights, but only if
> the employee could show resulting
> prejudice.").

Hofferica notes that both Conoshenti and Fogleman "arose upon

either a Motion for Summary Judgment or Post-Trial Motion," and

contends that "none of these cases stand for the proposition that a plaintiff must <u>plead</u> prejudice."  Pl.'s Br. at 8 (emphasis in original).

We cannot agree.  It is true that a plaintiff need not present <u>evidence</u> in support of her factual allegations at the motion to dismiss stage.  But as our Court of Appeals explained in <u>Adegbuji v. Green</u>, 280 Fed. Appx. 144, 148 (3d Cir. 2008) (summarizing <u>Phillips</u>, 515 F.3d at 234), "in order to state a claim on which relief can be granted, a plaintiff must plead facts sufficient to suggest the required elements of the claim." We reject Hofferica's suggestion that there are elements of a claim as to which a plaintiff may have the ultimate burden of proof but which the plaintiff need not adequately plead in her complaint.  If Hofferica cannot plead the elements of a notice interference claim under the FMLA -- including prejudice, a readily known fact to employee-plaintiffs -- she is not entitled to conduct discovery and later to attempt to carry her burden of proof regarding those elements.

As for Hofferica's second counter-argument -- that a notice interference claim should focus upon the sufficiency of the notification itself -- we observe that she supports this argument with <u>Sisk v. Picture People, Inc.</u>, 2009 WL 879687 (E.D.

Mo. 2009), an unreported district court opinion from the Eighth

Circuit addressing detrimental reliance in the context of an

equitable estoppel claim.  This constitutes a rather weak reed.

Even if we considered this opinion to have some persuasive

authority regarding the prejudice element of a notice

interference claim under the FMLA,[5] Sisk itself noted that

"'[t]he principle of equitable estoppel declares that a party who

makes a representation that misleads another person, who then

reasonably relies on that representation to his detriment, may

not deny the representation.'"  Id. at *2 (quoting Duty v.

Norton-Alcoa Proppants, 293 F.3d 481, 493-94 (8th Cir. 2002)

(brackets omitted).  Hofferica's chosen authority thus recognizes

that to advance an equitable estoppel claim -- just as for a

notice interference claim -- a party must show reliance to her

detriment or prejudice.

        Hofferica's third argument makes no sense.  A plaintiff

cannot allege that an employer's "failure to advise rendered him

unable to exercise that right in a meaningful way, thereby

---

        [5] Hofferica correctly notes that in our prior
Memorandum we observed that "'[r]escuing an FMLA reinstatement
interference claim by means of an equitable estoppel theory
requires similar factual allegations as those needed to state an
FMLA notice interference claim.'"  Pl.'s Br. at 9 n.2 (quoting
Hofferica, 2011 WL 4374555, at *12).

causing injury," Conoshenti, 364 F.3d at 143, merely by claiming

damages for such a perceived wrong.

Lastly, Hofferica's fourth argument -- that we should

infer from her complaint that she would have returned to work but

for St. Mary's insufficient notice -- is unavailing.  To begin,

Hofferica supports this claim in part by quoting Peters v. Gilead

Sciences, Inc., 2006 WL 2054373 (S.D. Ind. 2006) (Tinder, J.)

("Peters I"), another unreported extra-circuit district court

decision.  In a later decision, Peters v. Gilead Sciences, Inc.,

2006 WL 3365666 (S.D. Ind. 2006) ("Peters II"), Judge Tinder

granted a motion for reconsideration as to Peters I.  Peters II

was then reversed in Peters v. Gilead Sciences, Inc., 533 F.3d

594 (7th Cir. 2008).  It risks understatement to suggest that

Peters I should not be regarded as persuasive law in this

Circuit.

More importantly, we cannot infer from Hofferica's

amended complaint that she could have returned to work but for

St. Mary's failure to provide the notice that she identifies.

While we are to "'give the pleader the benefit of all reasonable

inferences that can be fairly drawn therefrom'" in ruling on a

motion to dismiss, Ordonez v. Yost, 289 Fed. Appx. 553, 554 (3d

Cir. 2008) (quoting Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.

1993)), our Court of Appeals has distinguished between "reasonable inferences" and "speculation."  See, e.g., Fragale & Sons Beverage Co. v. Dill, 760 F.2d 469, 474 (3d Cir. 1985). Since Hofferica has provided no allegations in her complaint as to her physical capacity to return to work prior to the expiration of her FMLA leave, we cannot draw the "inferences" she suggests without engaging in precisely such impermissible speculation.  Because Hofferica failed to adequately plead prejudice resulting from any failure by St. Mary to provide proper notice, her claim for FMLA notice interference under Count II of the complaint will be dismissed.

BY THE COURT:


\_\_\s\Stewart Dalzell

24